# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

ROBERT JOHNSON                                                                      PLAINTIFF

V.                                                                         NO. 3:10CV108-M-D

JESSIE STREETER, et al.                                                          DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. The Plaintiff complains that he was injured when he slipped in water on the floor from a leaking roof. The Plaintiff contends that the Defendants are liable because they knew the roof leaked but failed to take preventative action. The Plaintiff also elaborates that on June 29, 2010, he was running to his cell when he slipped in the wet spot. As a result of the fall, he was purportedly knocked unconscious. He was taken to the hospital and received treatment for unspecified injuries to his neck and back. For this perceived violation, Plaintiff is seeking monetary damages.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States to succeed in an § 1983 claim, *i.e.* a violation of a right. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's

complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite Plaintiff's insistence, the Constitution has not been implicated by the facts of this case. According to his own complaint, the Defendants were, at best, negligent for not fixing a leaking roof. Additionally, the Plaintiff may bear equal responsibility for assuming the risk by running. Nevertheless, it is clear from his complaint that Plaintiff's unidentified injury was the result of negligence rather than any deliberate indifference for his safety. A mere claim of negligence on the part of the prison officials is not cognizable under Section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986); *Hare v. City of Corinth, MS*, 74 F.3d 6333, 647-48 (5th Cir. 1996). If the Plaintiff has stated a claim at all, it would be based purely on state law and is not appropriate for Section 1983 relief. Consequently, the Plaintiff's complaint shall be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 3rd day of December, 2010.

                                          **/s/ MICHAEL P. MILLS**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**
                                          **NORTHERN DISTRICT OF MISSISSIPPI**